1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9
10
11
12
13

KANIE KASTROLL, on her own behalf
and on behalf of all others similarly situated,

     Plaintiff,

v.

WYNN RESORTS, LTD., a Nevada
corporation d/b/a WYNN LAS VEGAS,

     Defendant.

2:09-cv-2034-LDG-LRL

**ORDER DENYING DEFENDANT'S**
**MOTION TO DISMISS**

14       Plaintiff Kastroll brought this class action suit asserting that Wynn Las Vegas ("Wynn")

15  has breached its common law duty to provide a reasonably safe workplace to its employees by

16  failing to take reasonable measures to protect its employees from secondhand smoke.  Wynn,

17  however, has moved to dismiss this action (#13, opposition #18, reply #22) contending that the

18  Class Action Fairness Act's ("CAFA") "home-state controversy" exception requires this court to

19  decline to exercise jurisdiction over this action, and that Kastroll's claims are legally insufficient

20  because Wynn has no duty under Nevada law to protect its employees from secondhand smoke.

21  Wynn also maintains that, alternatively, Kastroll's class action allegations must be stricken from

22  her complaint because she cannot meet the requirements for maintaining a class action.

23       In considering a motion to dismiss, "[a]ll allegations of material fact in the complaint are

24  taken as true and construed in the light most favorable to the plaintiff."  *McGary v. City of*

25  *Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004).  "However, the court is not required to accept legal

26  conclusions cast in the form of factual allegation if those conclusions cannot reasonably be drawn

from the facts alleged." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (quotation omitted).  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (quotation omitted).

A challenge to the subject matter jurisdiction of the court may be made by a Rule 12(b)(1) motion to dismiss.  If the challenge is a facial attack, the court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff.  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988).  If the challenge is factual, the court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary.  *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  Here, this court has original jurisdiction pursuant to the minimum diversity requirements for class action suits.  *See* 28 U.S.C. § 1332(d)(2).  Wynn, however, argues that dismissal is required pursuant to § 1332(d)(4)(B), known as the "home-state controversy" exception.  *See* 28 U.S.C. § 1332(d)(4)(B); *see also Edward & Marjorie Austin Unitrust v. U.S. Mortg. Corp.*, No. 2:06-cv-01235-BES-PAL, 2007 WL 2886036, at *2 (D. Nev. Sept. 27, 2007) ("[T]he party challenging the court's jurisdiction must prove that the CAFA exceptions to federal jurisdiction divest the district court of subject matter jurisdiction.").  The "home-state controversy" exception requires district courts to decline to exercise jurisdiction over class action suits where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  *Id.*  Kastroll's proposed class includes "[a]ll former, current, and future nonsmoking employees of [Wynn] who were, are, or in the future will be exposed to unsafe levels of second-hand smoke."  Compl., 8:33, ECF No. 1.  Wynn argues that the "home-state controversy" exception requires dismissal of this action because Nevada is Wynn's principal place of business, former and future Wynn employees lack Article III standing requisite to constitute proper members of Kastroll's proposed class, and more than two-thirds of Wynn's current employees (including Kastroll) are citizens of Nevada.  Therefore, Wynn argues,

2

that this court must decline to exercise jurisdiction pursuant to the "home-state controversy" exception because more than two-thirds of the *proper* members of Kastroll's proposed class, Kastroll and other current Wynn employees, are citizens of Nevada.  Although this court acknowledges the novel issues raised by Wynn's argument, later litigation stages more naturally facilitate a determination of the proper scope of Kastroll's proposed class.  Accordingly, the court will further entertain arguments regarding the proper scope of Kastroll's proposed class during later stages of this action.

For the court to dismiss a complaint or claims pursuant to Rule 12(b)(6), "it must appear to a certainty that plaintiff would not be entitled to relief under any set of facts that could be proved." *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).  Further, when considering a motion to dismiss, the court must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff.  *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990). There is a strong presumption against dismissing an action for failure to state a claim.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  The issue is not whether the plaintiff ultimately will prevail but whether he is entitled to offer evidence in support of his claims. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).  The court may not grant a motion to dismiss for failure to state a claim "unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its claims which would entitle it to relief."  *Allied Signal, Inc. v. City of Phoenix*, 182 F.3d 692, 695 (9th Cir. 1999).  Here, Wynn argues that it "cannot be made liable [to its employees] for allowing its patrons to smoke freely in a place where the law specifically says that they can."  Def.'s Reply in Supp. of its Mot. to Dismiss, 11, ECF No. 22.  This position, however, ignores the potentially intricate interrelationship between this statute and common law duties.  Construing the allegations in the light most favorable to the plaintiff, Wynn has failed to establish "to a certainty" that Kastroll "would not be entitled to relief under any set of facts that could be proved."  *See Rothman*, 912 F.2d at 316.

3

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are regarded with disfavor . . . and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Collins v. Gamestop Corp.*, No. C10-1210 TEH, 2010 WL 3077671, at *2 (N.D. Cal. Aug. 6, 2010) (internal quotation marks and citation omitted). Wynn argues that this court should strike Kastroll's class allegations. In consideration of the issues above, and based on the standard for motions to strike, Wynn has failed to carry its burden on its motion to strike Kastroll's class allegations. Accordingly,

THE COURT HEREBY ORDERS that Defendant's motion to dismiss (#13) is DENIED.

DATED this ____ day of September, 2010.

_____
Lloyd D. George
United States District Judge