UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KANIE KASTROLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:09-cv-02034-LDG-LRL |
| v. ) | |
| ) | **O R D E R** |
| WYNN RESORTS, LTD, d/b/a WYNN LAS ) | |
| VEGAS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court are plaintiff Kanie Kastroll's Motions To Compel (#35) and To Extend Discovery (#36). Defendant Wynn Las Vegas, LLC, erroneously named in this action as Wynn Resorts, Ltd., filed an Opposition (#37) and a Counter-Motion for Protective Order (#38). Plaintiff filed a Reply in support of her motions (#39) and an Opposition to defendant's counter-motion (#41). Defendant filed a Reply thereto. (#44).

Plaintiff filed her class action complaint (#1) on October 20, 2009, asserting claims on behalf of "[a]ll former, current, and future nonsmoking employees of WYNN LAS VEGAS who were, are, or in the future will be exposed to unsafe levels of second-hand smoke." Specifically, plaintiff claims that defendant Wynn had a duty to "maintain a workplace that is in a reasonably safe condition for its employees," and that it "breached this duty by failing to take reasonable precautions to protect its employees from exposure to second-hand smoke." (#1). Plaintiff seeks an order requiring "[d]efendant to take reasonable measures to protect its employees from second-hand smoke" and awarding plaintiff and the class costs and reasonable attorney's fees. *Id.*

**Motion To Compel and Extend Discovery (#35 and #36)**

The Federal Rules of Civil Procedure permit each party to serve the opposing party with

document requests and interrogatories within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b), 33(a) and 34(a).  Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).  For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id*.  When the responding party answers interrogatories under Rule 33, it must provide an answer to each interrogatory "separately and fully," and must state any grounds for objecting with "specificity."  Fed. R. Civ. P. 33(b)(3) and (4).  In responding to Rule 34 requests, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  Pursuant to Rule 37(a)(3)(B)(iii) and (iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory" or "to respond that inspection will be permitted – or fails to permit inspection."  Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).

In plaintiff's present motions to compel (#35) and for an extension of discovery (#36), she asks this court to establish proper deposition topics and to compel defendant Wynn to provide answers to interrogatories and to produce requested documents.  Additionally, the plaintiff asserts that since defendant has failed to respond to discovery requests, an extension of the class certification discovery deadlines is warranted. (#36).  In its opposition, defendant refuses to comply with plaintiff's requests, and argues that the information sought is outside the scope of class certification discovery. (#37).  Further, defendant asks this court to enter a protective order protecting it from discovery into the merits of the case. (#38).  After attempting to meet and confer, the parties were unable to resolve the issue without filing the present motion. (#35).

### A.  Relevant Facts

On December 11, 2009, defendant Wynn filed a motion to dismiss the complaint (#13) on the grounds that (1) this court lacks subject matter jurisdiction under the Class Action Fairness Act's

2

(hereinafter "CAFA") "home state controversy" exception[1], (2) plaintiff has failed to state a claim for relief, and (3) plaintiff cannot meet the requirements for a class action. The court denied the motion (#24), holding that "later litigation stages more naturally facilitate a determination of the proper scope of Kastroll's proposed class," and that Wynn has failed to establish that plaintiff is not entitled to relief under Federal Rule of Civil Procedure 12(b)(6). Further, the court held that Wynn had not met its burden in demonstrating that the class allegations must be stricken. (#24).

Subsequently, on November 22, 2010, the court entered the parties' stipulated proposed discovery plan and scheduling order. (#29). Therein, the parties stipulated that the discovery in the case should be "bifurcated between the class certification issues and the issues pertaining to the merits of the case." *Id.* Specifically, Wynn articulated its position that by first conducting discovery "pertinent to class certification," the parties could properly present the issue of whether the court "can exercise jurisdiction over this action before embarking on invasive merits-based discovery." *Id.* Further, plaintiff stated in the stipulation that she anticipated discovery into "[s]tatistical data and information regarding [d]efendant's former and current employees." *Id.*

Following the entry of the scheduling order, on December 28, 2010, plaintiff served interrogatories, requests for the production of documents, and a Rule 30(b)(6) deposition notice on defendant Wynn. (#35-1 Exhibits A and B). On January 31, 2011, defendant provided plaintiff with its answers and responses. (#35-1 Exhibits D and E). On February 9, 2011, plaintiff issued a subpoena commanding the presence of Wynn at a deposition to be held on March 22, 2011. (#35-1 Exhibit C). Subsequently, defendant faxed a letter to plaintiff objecting to the deposition topics attached to the subpoena, and refusing to provide a witness to testify regarding matters it asserted were outside the scope of class certification discovery. (#35-1 Exhibit F).

. . .

---

[1] Defendant, a Nevada domiciled corporation, asserts that since over 90% of the proposed class are Nevada citizens, this court lacks jurisdiction. (#37).

### B. Relevant Law

Pursuant to CAFA (28 U.S.C. § 1332(d)(2)), federal courts have original jurisdiction over class actions in which the aggregate amount in controversy exceeds $5 million and in which there is a "minimum diversity of citizenship:" where "any member of a class of plaintiffs is a citizen of a State different from [that of] any defendant." However, under the "home state exception" (28 U.S.C. §1332(d)(4)(B)) of CAFA, a court must decline to exercise jurisdiction over a class action in which "two-thirds or more of the members of all proposed classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." The party that objects to jurisdiction based upon this exception bears the burden of establishing its applicability. See *Serrano v. 180 Connect, Inc.,* 478 F.3d 1018 (9th Cir. 2007).

Rule 23 governing class actions provides that "[o]ne or more members of a class may sue...as representative parties on behalf of all members [of the class] only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The rule further provides that the "court must determine by order whether to certify the action as a class action" at "an early practicable time after a person sues..." Fed. R. Civ. P. 23(c)(1)(A). The provision governing the time in which to make this determination was amended in 2003, and in the commentary thereto, it states that the new language recognizes that "[t]ime may be needed to gather information necessary to make the certification decision."

In this light, courts often bifurcate discovery, as to first determine whether class certification is proper before addressing the merits of the dispute. However, the commentary to Rule 23 states that "discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial," and, that "in this sense[,] it is appropriate to conduct discovery into the "merits," limited to those aspects relevant to making the certification decision on an

4

informed basis." Fed. R. Civ. P. 23. Thus, it is impossible to draw a bright line, as "discovery can certainly be relevant both to class certification issues and to the merits." *Ho v. Ernst & Young, LLP*, 2007 WL 1394007 (N.D.Cal. 2007)(holding that the electronic time and activity records for the putative class members is relevant to both: "these records may indicate whether the putative class members did work that was sufficiently similar to justify a class action.").

**C.     Discussion**

Here, the parties are at the class certification stage, and have agreed to limit discovery accordingly. (#29). Therefore, discovery is limited to whether there are questions of law or fact common to the class, whether the claims of the representative, plaintiff Kastroll, are typical of the claims of the class, and whether Kastroll will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)[2]. As a basis for its assertion that the class certification should be denied and the case dismissed, defendant contends that this court lacks jurisdiction under the "home state exception." 28 U.S.C. §1332(d)(4)(B). Thus, an inquiry into the citizenship of the purported class members is discoverable at this stage.

In response to plaintiff's discovery requests, defendant objected to most of the requests on the grounds that they exceeded the scope of discovery and sought information relating to the merits of the case. Plaintiff, in contrast, argues that her requests relate directly to class certification under Rule 23(a), as they will demonstrate commonality, typicality, her ability to adequately represent the class, and how defendants acted or failed to act on grounds applicable to all members. (#35). Specifically, she contends that the discovery requests and deposition topics relate to when, how, and who is exposed to second hand smoke. *Id.* Thus, she argues, this information will enable the parties to adequately determine who should be a class member based on the employees' exposure to the smoke. *Id.* After reviewing the discovery requests and evaluating their relevance to the issue of class certification, the

---

[2] Rule 23 also requires that the "class is so numerous that joinder of all members is impracticable." However, neither party seems to dispute this factor.

5

court finds that "limited" discovery is necessary into the merits of the claims in order to make "the certification decision on an informed basis." *See* Official Commentary to Fed. R. Civ. P. 23.

### 1. Discovery Requests

#### a. Interrogatories

Defendant objected to several of plaintiff's interrogatories. (#35-1 Exhibit D). Defendant's primary objection is that the interrogatories seek information that is "outside the scope of discovery at this time." *Id.* Thus, the court will address the relevance of each interrogatory to the issue of class certification.

Interrogatory No. 3: "Identify each Person who has knowledge of, or who has been a witness to, any of the facts or matters alleged in the Complaint. For each Person so identified, state the scope and substance of their knowledge or the event(s) that they witnessed." *Id.* In asserting that the discovery is limited, defendant provided plaintiff with only the name of the Human Relations Senior Manager who "has knowledge regarding the residences of past, present, and future employees." *Id.* The court finds that, as the inquiry at this stage is more than just the residency of the employees, a more thorough response is required. Thus, defendant shall provide plaintiff with the identities and positions of the witnesses as requested in the interrogatory, with a description of the subject matter of his or her knowledge. The "scope and substance" of their knowledge and the events they witnessed, however, are not necessary. Identities, positions, and the subject matter are sufficient to enable plaintiff to determine if the party possesses information relevant to class certification.

Interrogatory No. 5: "Describe Your Smoking Policy, including all alterations made to Your Smoking Policy over the past ten years." *Id.* The court finds that the *current* smoking policy of the casino in different areas is relevant to determining what employees are members of the purported class seeking only injunctive relief, i.e. which employees work in areas where smoking is permitted. However, any past alterations to the policy do not relate to the potential class members, and are not discoverable.

Interrogatory No. 7: "Describe all measures taken by You to improve the Air Quality at Wynn Las Vegas." *Id.* The steps taken to improve the air quality in the casino in no way relate to the identity of the class, the commonality or typicality of the members, or the plaintiff's ability to represent the class. Fed. R. Civ. P. 23(a). Therefore, defendant's objection is sustained.

Interrogatory No. 8: " Describe all steps You have taken to investigate the effects of Second Hand Smoke on the health of Your employees at the Wynn Las Vegas." (#35-1 Exhibit D). As with the interrogatory above, the court finds that any investigation into the effects of second hand smoke does not relate to the issue of class certification or any of the factors thereof. Fed. R. Civ. P. 23(a). Objection sustained.

Interrogatory No. 9: "Describe the Air Filtration System currently in use at Wynn Las Vegas, including all alterations made to the Air filtration System over the past ten years." (#35-1 Exhibit D). Defendant objected based on the limited discovery scope. *Id.* The court finds that the *current* air filtration system, i.e. where the second hand smoke travels to and which employees are subjected to it through the system, is relevant to determining the employee class members. However, the alterations made to said system are not relevant to the class certification, and are not discoverable at this time.

### b.     Requests For Production Of Documents

Defendant objected to several requests for production of documents based on the same assertion that the information is outside the scope of discovery permitted at this stage. (#35-1 Exhibit E). The court will address these objections and discuss its rulings below. As the court's reasoning for many of its rulings is the same, several of the requests are addressed together.

Request No. 8 seeks information relating to defendant's smoking policy. *Id.* As discussed above, the *current* smoking policy is relevant to the determination of the class certification. Therefore, the objection is overruled, and defendant must provide requested materials relating to the *current* smoking policy.

Requests Nos. 9, 10, and 11 seek information relating to "communication by and between" the

7

defendant and its officers pertaining to employee complaints, and "documents and [electronically stored information (hereinafter "ESI")] referencing or relating [specifically] to [plaintiff Kastroll's] employee complaints." *Id.* The court finds that these requests are irrelevant and not discoverable at this stage of discovery, insomuch as they seek information regarding internal communications that do not pertain to the class certification or in any way aid the plaintiff in determining the members of the class. Rather, the court finds that these requests seek information directly relating to the merits of the case; defendant's actions or inactions in dealing with second hand smoke. Further, the plaintiff has been provided with information relating to her individual complaints, and cannot assert that the defendant's officer's comment on or communication relating to the complaints would pertain to the class certification issue. Thus, defendant's objection is sustained.

Request No. 12 seeks information relating to Wynn's air filtration system. *Id.* As the court previously held, it finds that only the *current* air filtration system is relevant to the class certification. Thus, the request is limited to "[a]ll documents and ESI referencing or relating to" defendant's *current* air filtration system.

Request No. 13 relates to signs displayed in public or private dealing with defendant's smoking policy. *Id.* Above, the court held that the defendant's smoking policy is relevant to the class certification. However, the court finds that signage regarding such policy is not relevant to the certification of the class. Thus, the defendant's objection is sustained.

Requests Nos. 14 and 15 seek information relating to studies, reports, tests, and research regarding both health effects of second hand smoke on Wynn's employees and the levels of second hand smoke at the casino. *Id.* The court finds that these documents are relevant to the class certification insomuch as they assist in identifying the possible class member employees and aid the expert in his/her review of the purported class members and the areas where they work.

Request No. 16 asks for documents referencing or relating to "steps taken to mitigate the effects of [s]econd [h]and [s]moke." *Id.* Any mitigating actions taken by defendant or material relating thereto

has no bearing on a determination of the purported class members. Rather, it directly relates to the heart of plaintiff's complaint that defendant has failed to protect its employees from second hand smoke. Objection sustained.

Requests Nos. 17, 18, and 19 seek information relating to tobacco suppliers, tobacco products sold in the casino, and tobacco products purchased by the casino. *Id.* The court finds that this information is outside the scope of class certification, as it does not assist in any way in determining who is affected by the smoke and the residencies of those employees. Objection sustained.

Request No. 20 asks for documents dealing with employee "respiratory health problems, or allegations of such problems, either known to [defendant] or otherwise reported to [defendant] by [its] employees. *Id.* The court finds that the question of who is exposed to and ultimately affected by the second hand smoke is precisely the inquiry made with regards to class certification in this case. Therefore, documents revealing which employees have had problems with their breathing due to the smoke and complained of it directly relate to certifying the class. Objection overruled.

Request No. 21 seeks documents relating to "any lawsuit, informal or formal complaint, or other proceeding brought by or against [defendant] by any past or present employee relating in any way to the air [q]uality, [s]econd [h]and [s]moke, or [t]obacco [p]roducts in Wynn Las Vegas." *Id.* First, as the court previously held, the tobacco products sold or purchase by the Wynn have nothing to do with class certification, and are not discoverable at this time. Second, any lawsuit filed by or against the defendant is public information that can be found without overburdening the defendant with discovery requests. Third, the court finds that complaints by past or present employees regarding second hand smoke assist in determining which employees are exposed to the smoke, and ultimately who should be included in the class. Only formal or informal employee (both past and present) complaints relating to or referencing the second hand smoke at the Wynn are discoverable at this time.

Requests Nos. 23 and 24 seek information relating to recruiting trips, job fairs, and "any marketing or promotional materials...relating to the recruitment of persons to work at the Wynn from

9

1  both inside and outside the State of Nevada." *Id.*   This court finds that who is recruited and how the
2  recruiting is done does not in any way relate to the issue of class certification or the home state
3  controversy exception. Anyone recruited and ultimately employed at Wynn, regardless of their domicile
4  at the time of recruitment, will most likely move to and become domiciled in Las Vegas. Therefore,
5  the possible future employees' domicile at the time of recruitment would have no bearing on the
6  applicability of the home state exception defense. Further, discovering recruiting efforts or methods will
7  not lead to information that is relevant to class certification, as potential employees cannot become
8  members of the class and it is impossible to predict who could possibly be hired in the future. Objection
9  sustained.
10      Request No. 25 seeks documents relating to the air filtration system in the Wynn referenced in
11  defendant's motion to dismiss, "including without limitation all permits, blue prints, drafting or CAD
12  documents, budgets, invoices, receipts, work logs, contracts with general and subcontractors, tests,
13  reviews, analyses, and all other papers related to the purchase, design, manufacturing, installation, or
14  performance of" said system or any subsequent air filtration system in use. *Id.*  As the court permitted
15  discovery of "[a]ll documents and ESI referencing or relating to" defendant's *current* air filtration
16  system in request 12 above, plaintiff's request 25 is duplicative and overbroad. The process of installing
17  the system and the cost of such a system does not aid in determining who is exposed to smoke. It is only
18  relevant *how* it *currently* works and *who* is ultimately exposed to the smoke. Thus, the objection is
19  sustained and the documents are not discoverable.

          **c.**      **Deposition Topics**

21  In plaintiff's deposition notice, she identified seven topics to be addressed during the depositions
22  of Wynn. (35-1 Exhibit C). In response, defendant objected to all but one of the topics, and asserted
23  that "these topics fell outside of the current permissible scope of discovery." (35-1 Exhibit F).
24      The first topic identified is "Wynn Las Vegas' past, current, or future air filtration systems used
25  at its casino facilities in Las Vegas, Nevada." (#35-1 Exhibit C). As previously discussed, the court

finds that only the *current* air filtration system is relevant to the issue of class certification. Thus, the first topic is limited to the *current* air filtration system, excluding the specific topics as addressed in the court's discussion above of plaintiff's request 25.

The second purported topic is "[t]he air quality within Wynn Las Vegas' casino facilities in Las Vegas, Nevada, including, but not limited to, the presence of second hand smoke at those facilities." *Id.* The court finds that the only relevant issues in this case with regards to the air quality at Wynn is second hand smoke and who is exposed to it. Thus, this topic is *limited* to second hand smoke, exclusive of any other possible air quality issues.

Plaintiff's third purported topic is the "Wynn Las Vegas employee complaints, both formal and informal, regarding air quality, second hand smoke, and/or other related matters at its casino facilities in Las Vegas, Nevada." *Id.* Employee complaints regarding second hand smoke are relevant to identifying who is exposed to the second hand smoke. However, complaints about air quality in general or "other related matters" are not relevant to determining who is exposed to second hand smoke. Thus, this topic is *limited* to employee complaints regarding only second hand smoke in the Wynn casino.

The fourth topic identified by plaintiff is the distribution or availability of tobacco products in Wynn. *Id.* This in no way relates to the issue of class certification, does not aid in determining who is exposed to second hand smoke, and is not discoverable at this time.

Plaintiff's fifth topic was not objected to, as it relates to the residencies of the employees. The sixth topic identified is the recruiting efforts of defendant. *Id.* As discussed above with regards to plaintiff's request 23 and 24, this information is not discoverable and is outside the scope of class certification. Objection sustained.

In plaintiff's last discovery topic, she seeks to discuss "[a]ny legal proceedings and investigations, including civil litigation and proceedings and investigations prosecuted by any governmental authority, and/or other formal or informal complaints relating in any way to air quality, secondhand smoke, or tobacco products at the Wynn Las Vegas casino facilities in Las Vegas,

11

Nevada." *Id.* Employee complaints regarding second hand smoke are relevant and discoverable. However, the court finds that legal proceedings or investigations relating to the air quality, second hand smoke, or tobacco products are irrelevant to the issue of class certification. The parties need only be able to identify the parties exposed to the smoke by way of the employee complaints. Moreover, legal proceedings are public and are not relevant to the class certification issue. This topic is limited accordingly.

### 2. Discovery Extension

Since the discovery deadlines have passed and the court ruled that defendant must provide discovery responses as outlined above, an extension of class certification discovery is warranted. The parties are to submit a joint proposed discovery schedule for completing remaining class certification discovery within seven (7) days from the date of this order.

**Counter-Motion For Protective Order (#38)**

Defendant seeks an order protecting it from having to disclose information relating to topics outside the class certification discovery. (#38). As the court addressed the defendant's objections above, a protective order is not necessary, and the motion is moot.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Kanie Kastroll's Motion To Compel (#35) is granted in part and denied in part, as discussed above.

IT IS THEREFORE ORDERED that plaintiff's Motion To Extend Discovery (#36) is granted. The parties shall submit a joint proposed discovery schedule for completing remaining class certification discovery within seven (7) days from the date of this order.

///

///

///

IT IS FURTHER ORDERED that defendant's Counter-Motion for Protective Order (#38) is denied as moot.

DATED this 17th day of October, 2011.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**