1

2                      UNITED STATES DISTRICT COURT

3                            DISTRICT OF NEVADA

4                                    * * *
KANIE KASTROLL,                        )
5                                      )
                    Plaintiff,         )
6                                      )         2:09-cv-02034-LDG -VCF
v.                                     )
7                                      )         **O R D E R**
WYNN RESORTS, LTD.,                    )
8                                      )
                    Defendant.         )
9    _____ )

10         Before the court is plaintiff's Motion To Compel Depositions (#50).  Defendant Wynn filed an

11   Opposition (#51), and plaintiff filed a Reply (#55).

12         Also before the court is defendant Wynn's Counter-Motion For Protective Order and To

13   Compel. (#52).  Plaintiff addressed the Counter-Motion in her Reply in Support of Plaintiff's Motion

14   (#55), and defendant filed a Reply thereto (#58).   Plaintiff filed a Motion To Extend Discovery

15   Deadlines. (#53).  Defendant filed an Opposition (#57), and plaintiff filed a Reply (#59).  The court

16   held a hearing on March 6, 2012.  (#60).

17   **Background**

18         Plaintiff filed her class action complaint (#1) on October 20, 2009, asserting claims on behalf

19   of "[a]ll former, current, and future nonsmoking employees of WYNN LAS VEGAS who were, are, or

20   in the future will be exposed to unsafe levels of second-hand smoke."  Specifically, plaintiff claims that

21   defendant Wynn had a duty to "maintain a workplace that is in a reasonably safe condition for its

22   employees," and that it "breached this duty by failing to take reasonable precautions to protect its

23   employees from exposure to second-hand smoke." (#1).  Plaintiff seeks an order requiring "[d]efendant

24   to take reasonable measures to protect its employees from second-hand smoke" and awarding plaintiff

25   and the class costs and reasonable attorney's fees.  *Id.*

26         On December 11, 2009, defendant Wynn filed a motion to dismiss the complaint (#13) on the

1  grounds that (1) this court lacks subject matter jurisdiction under the Class Action Fairness Act's
2  (hereinafter "CAFA") "home state controversy" exception[1], (2) plaintiff has failed to state a claim for
3  relief, and (3) plaintiff cannot meet the requirements for a class action.  The court denied the motion
4  (#24), holding that "later litigation stages more naturally facilitate a determination of the proper scope
5  of Kastroll's proposed class," and that Wynn has failed to establish that plaintiff is not entitled to relief
6  under Federal Rule of Civil Procedure 12(b)(6).  Further, the court held that Wynn had not met its
7  burden in demonstrating that the class allegations must be stricken.  (#24).

8      Subsequently, on November 22, 2010, the court entered the parties' stipulated proposed
9  discovery plan and scheduling order. (#29).  Therein, the parties stipulated that the discovery in the case
10  should be "bifurcated between the class certification issues and the issues pertaining to the merits of the
11  case."  *Id.*  Specifically, Wynn articulated its position that by first conducting discovery "pertinent to
12  class certification," the parties could properly present the issue of whether the court "can exercise
13  jurisdiction over this action before embarking on invasive merits-based discovery."  *Id.*  Further,
14  plaintiff stated in the stipulation that she anticipated discovery into "[s]tatistical data and information
15  regarding [d]efendant's former and current employees."  *Id.*

16      Following the entry of the scheduling order, on December 28, 2010, plaintiff served
17  interrogatories, requests for the production of documents, and a Rule 30(b)(6) deposition notice on
18  defendant Wynn. (#35-1 Exhibits A and B).  On January 31, 2011, defendant provided plaintiff with
19  its answers and responses. (#35-1 Exhibits D and E).  On February 9, 2011, plaintiff issued a subpoena
20  commanding the presence of Wynn'S 30(b)(6) witnesses at a deposition to be held on March 22, 2011.
21  (#35-1 Exhibit C).  Subsequently, defendant faxed a letter to plaintiff objecting to the deposition topics
22  attached to the subpoena, and refusing to provide a witness to testify regarding matters it asserted were

23

24      [1]  Defendant, a Nevada domiciled corporation, asserts that since over 90% of the proposed class are Nevada
25  citizens, this court lacks jurisdiction.  (#37).

26

outside the scope of class certification discovery. (#35-1 Exhibit F).

On August 3, 2011, the plaintiff filed a motion to compel, asking this court to establish proper deposition topics and to compel defendant Wynn to provide answers to interrogatories and to produce requested documents.  (#35).  In the court's order partially granting plaintiff's motion, the court held that "discovery is limited to whether there are questions of law or fact common to the class, whether the claims of the representative, plaintiff Kastroll, are typical of the claims of the class, and whether Kastroll will fairly and adequately protect the interests of the class," and that "an inquiry into the citizenship of the purported class members is discoverable at this stage." (#46); Fed. R. Civ. P. 23(a)[2]; 28 U.S.C. §1332(d)(4)(B).  The court also stated that "[a]fter reviewing the discovery requests and evaluating their relevance to the issue of class certification, the court finds that "limited" discovery is necessary into the merits of the claims in order to make "the certification decision on an informed basis."" (#46); See Official Commentary to Fed. R. Civ. P. 23.  The court limited the plaintiff's proposed deposition topics, and ordered the defendant to produce Rule 30(b)(6) witnesses.  (#46).

The court ordered the parties to "submit a joint proposed discovery schedule for completing remaining class certification discovery within seven (7) days from the date of this order." Id.  On October 26, 2011, the court entered an order regarding the parties' Joint Proposed Discovery Schedule (#48), and held that "Wynn shall supplement its responses...on or before December 16, 2011," and that "Wynn shall produce appropriate witnesses for the Rule 30(b)(6) deposition topics in accordance with the order (#46)," "Wynn shall be permitted to take the deposition of plaintiff," and that "[t]hese depositions should conclude no later than February 6, 2012." (#49).

**Motion To Compel Depositions (#50) and Counter-Motion To Compel/Protective Order (#52)**

    **A.    Relevant Facts**

On November 15, 2011, defendant served plaintiff with interrogatories and requests for

---

[2] Rule 23 also requires that the "class is so numerous that joinder of all members is impracticable."  However, neither party seems to dispute this factor.

production of documents.  (#51 Exhibits 2-3).  On December 22, 2011, plaintiff sent defendant her responses to the discovery requests.  (#51 Exhibits 4-5).  Defendant was not satisfied with plaintiff's responses, and sent plaintiff's counsel a letter demanding supplements.  (#51 Exhibit 6).  On January 7, 2012, plaintiff's counsel supplemented plaintiff's response to Interrogatory #6, and on January 13, 2012, plaintiff's counsel supplemented plaintiff's responses to Interrogatories 2, 8, and 17.  *Id.*  As to the remaining interrogatories and requests to produce, plaintiff reasserted her objections, and asserted that Wynn was not entitled to supplemental responses.  *Id.*

Plaintiffs counsel asserts that he reached out to defendant's counsel in an effort to schedule depositions in accordance with the court's order (#46), but that defendant has demanded the plaintiff supplement her responses to (8) interrogatories and (6) requests for production of documents *before* defendant would even discuss scheduling the depositions.  (#50).  Plaintiff contends that these discovery requests "have no relation to either of the deposition topics and will not affect testimony of Wynn's agents and employees on their respective topics."  *Id.*

### B.    Arguments

In the present motion, plaintiff asks this court to compel the defendant to produce 30(b)(6) witnesses to be deposed on the topics outlined in the court's order (#46).  (#50).  Plaintiff argues that the defendant should not be permitted to refuse to provide witnesses for depositions until plaintiff supplies answers and documents that have no bearing on the witnesses' testimony.  *Id.*  The information that defendant seeks relates to Rule 23 elements, what injunctive relief is sought and how it is warranted, the number of proposed class members, and plaintiff's medical records.  *Id.*

In defendant's opposition and counter-motion to compel and for a protective order, the defendants assert that plaintiff seeks to have discovery be a one-way-street.  (#51 and #52).  Defendant argues that plaintiff's objections to the discovery requests are improper, because plaintiff uses her own health issues in support of her claims to be class representative and the court already ruled that discovery regarding the elements of Rule 23 is permitted.  *Id.*  Defendant asserts that plaintiff provided only

4

boilerplate objections and openly states her intention to withhold discoverable information until she files her motion for class certification. *Id.* Defendant asserts that plaintiff cannot move forward with the depositions until fulfilling her own discovery obligations. *Id.* Defendant asks this court to deny plaintiff's motion, enter a protective order not requiring the depositions to be scheduled, and to compel plaintiff to provide supplemental responses to defendant's discovery requests. *Id.*

Plaintiff contends in her reply/opposition, that she needs to depose the defendant's witnesses "in order to provide [defendant] with the information regarding her class certification theory that the casino seeks." (#55). Plaintiff also argues that since the depositions are not contingent in any way upon plaintiff's production of supplemental discovery, the court should order the depositions to take place. *Id.* Plaintiff asserts that the depositions should go forward because "(1) the deposition topics of Wynn's 30(b)(6) witnesses are irrelevant to the discovery Wynn claims Ms. Kastroll must supplement, (2) Ms. Kastroll is unable to fully supplement her responses to discovery Wynn seeks until after she takes depositions of Wynn's 30(b)(6) witnesses, and (3) Wynn is not entitled to any additional information in the first place. As such, Wynn's depositions must go forward." *Id.*

Defendant contends that it is entitled to receive the plaintiff's answers and documents prior to the depositions, because "[a] party is not required to go into a deposition blind, but is entitled to use written discovery to bring the opposing party's claim into focus prior to conducting the deposition." (#58); *Kashlan v. TCBY Systems, Inc.*, No. 4:06-cv-000497 GTE, 2007 WL 3309123, at *4 (E.D. Ark. Nov. 6, 2007); *Knowledge A-Z, Inc. v. Jim Walter Resources, Inc.*, No. 1:05-CV-1019-RLY-WTL, 2007 WL 3333271, at *1 (S.D. Ind. Nov. 8, 2007) ("It is also nonsensical to suggest that the [d]efendants are not entitled to use interrogatories to obtain those opinions in advance of the depositions so that they may properly prepare for them."); *Dublin Distributors v. Brewing Corp. of Am.*, 8 F.R.D. 236 (S.D.N.Y. 1948) (holding that defendant is entitled to stay of deposition until after plaintiff answered interrogatories).

Defendant also asserts that since the parties are required to begin briefing the motion for

certification once this phase of discovery is completed, defendant will be placed at a disadvantage during the debate regarding the certification if the plaintiff is permitted to withhold the requested information until after the depositions. (#58).

**C.    Requests In Dispute**

**1.**    Requests Relating To Elements of Rule 23 In General:

**INTERROGATORIES 6, 18, 19, and 20**

**REQUESTS FOR PRODUCTION 22, 23, and 24**

Defendant asserts that it is entitled to discover information relating to the elements of Rule 23. (#51 and #52). Defendant contends that since "[a]n attorney signing and filing a class action complaint 'has a professional responsibility before signing and filing that complaint to determine that there is a sufficient evidentiary basis to support the class action allegations," plaintiff has the burden of demonstrating that elements of Rule 23 exist, and that she must do so by presenting "basic facts." *Peak v. Topeka Housing Authority*, 78 FRD 78, 83-84 (D. Kan. 1978) ("We agree with defendant's contention that a complaint such as that before use should not be sued as a mere 'port from which to embark on a large scale fishing expedition.'"); *Doninger v. Pac. Northwest Bell*, 564 F.2d 1304, 1308-09 (9th Cir. 1977); *Hatfield v. Williams*, 64 FRD 71, 75 (N.D. Iowa 1974) ("The party who seeks to utilize Rule 23 bears the burden of showing that he is entitled to do so within the provisions of the Rule itself."); *Gillibeau*, 417 F.2d at 432 ("Mere repetition of the language of the Rule is inadequate.").

In opposition, plaintiff states that defendant could depose plaintiff to obtain information it seeks, and that defendant's witnesses do not need to review the plaintiff's answers prior to the depositions. (#55). However, she asserts, plaintiff needs to depose the witnesses before she can fully supplement her responses. *Id.* Plaintiff asserts that the defendant is not entitled to the information is seeks, because she "should not be obligated to brief her motion for class certification through her responses to [defendant's] interrogatories," and documents and information relevant to the merits of plaintiff's claims are not discoverable in light of the bifurcated discovery. *Id.* Plaintiff argues that the

6

interrogatories in this category call "for legal conclusions that are better addressed by counsel in [p]laintiff's anticipated motion for class certification." *See* Fed. R. Civ. P. 26(b)(3) (protecting "against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney"). Plaintiff also asserts that these interrogatories seek exactly the same information that plaintiff must demonstrate in her motion for class certification under Rule 23, and that requiring a response now "beyond what is already stated in the [c]omplaint would [improperly] require [plaintiff to provide a] legal analysis of the facts of this case to determine which factual and legal issues are "common" to the Class, which of Plaintiff's claims are "typical" and why Ms. Kastroll is an "adequate" class representative." (#55).

### 2.   Requests Relating to Injunctive Relief:

### INTERROGATORY NO. 16

Defendant contends that even though this interrogatory is "ripped directly from the elements of Rule 23," plaintiff still states that she will only respond after conducting the depositions of Wynn's personnel. (#51 and #52). Defendant argues that plaintiff was required to establish the injunctive relief sought when she filed her complaint, and that she should not be able to hide this information. *Id.* Defendant asserts that in this interrogatory, defendant is simply "trying to ascertain the nature of its alleged actions (or inactions) with more precision in anticipation of the parties' certification debate." *Id.*

Plaintiff contends that since she is still developing her theories regarding the final injunctive relief that is necessary, "[d]eposing Wynn's witnesses on the issues of Wynn's current smoking policy and the air quality and air filtration system presently in use at the casino is instrumental in determining what injunctive relief will be workable and necessary to protect Wynn's employees from second-hand smoke." (#55). Thus, plaintiff argues, she can supplement her responses only after the depositions are conducted. *Id.*

Once a deposition in conducted of a 30(b)(6) witness that provides testimony relating to the

7

defendant's current smoking policy, how the air filtration system operates, and whether an air purifier system would improve the air quality, then plaintiff can more clearly articulate what kind of injunctive relief would cure the defendant's failures. (#55). Plaintiff argues that the information sought also goes to the merits of the action, and is not discoverable at this time. *Id.*

### 3.    Requests Relating to Medical Records:

### REQUEST FOR PRODUCTION NO. 12 and 13

Defendant asserts that the "District Court will be forced to examine whether Kastroll suffers from any unique individual issues that are unshared with the class or which defeat her ability to adequately and fairly represent their interests. See *Badillo v. American Tobacco Company*, 202 FRD 261 (D. Nev. 2001) (holding that plaintiffs failed to meet any of the elements of Rule 23(a) as "the claims advanced by the representative Plaintiffs . . . are replete with individual issues such as causation, comparative fault, [and] assumption of risk . . . .").

Despite this, plaintiff has only provided defendant with documents evidencing her prior requests for FMLA leave that she filed with Wynn. (#51 and #52). Plaintiff asserted that her medical documents are not discoverable because she is not seeking damages for any claimed personal injuries. (#51 Exhibit 6). Defendant argues, however, that since plaintiff "herself relies upon her alleged medical conditions to support her claim to be named as the class representative in her complaint," defendant is entitled to "view Kastroll's medical history to learn, among other things, whether or not she has particular sensitivities to cigarette smoke, whether she is exposed to second-hand smoke in locations besides work and, most importantly, whether Kastroll is indeed actually a nonsmoker." (#51 and #52).

In plaintiff's reply/opposition, she asserts that defendant is not entitled to her entire medical file to discern whether or not she is a smoker.  (#55). Plaintiff contends that she already produced her FMLA paperwork indicative of her health problems exacerbated by second-hand smoke, and that her entire medical record is not required because "(1) these documents are relevant primarily to the merits of Ms. Kastroll's claims and, therefore, are not discoverable at this stage of litigation, (2) this

information is irrelevant to any potential class certification issues, and (3) Ms. Kastroll did not place her medical condition "at issue."" *Id.* The lawsuit was brought to "protect Wynn's employees from the dangers of second-hand smoke," which plaintiff argues has nothing to do with plaintiff's personal medical history. *Id.*

Defendant argues that it is entitled to plaintiff's medical history because it could demonstrate whether plaintiff "suffers from any unique individual issues that are unshared with the class or which would defeat her ability to adequately and fairly represent their interests." (#58); See *In re Ferrero Litigation*, 2011 WL 5557407, at *4 ("Class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of litigation.").

**D.    Discussion**

Pursuant to Federal Rule of Civil Procedure 26(d)(2), "[u]nless, on motion, the court order otherwise for the parties' and witnesses' convenience and in the interest of justice: methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery." As the court stated in the hearing, this rule is sound in theory, but, as seen here, its application is often an issue. The court finds that it was improper for defendant to disregard the court's orders (#46 and #49) requiring the depositions and to refuse to schedule the depositions until the plaintiff supplemented her discovery responses. The court also finds, however, that plaintiff failed to respond to certain discovery requests as required by the Federal Rules of Civil Procedure.

In filing her complaint, the plaintiff had a duty to investigate and to make a reasonable inquiry into the merits of the case. *See* Fed.. R. Civ. P. 11(b)(3)(stating that "[b]y representing to the court a pleading, written motion, or other paper– by filing, signing, submitting, or later advocating it– an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery..."). Such information is in plaintiff's

possession, and should be disclosed to defendant.  The plaintiff is ordered to serve defendant with supplements, verified by the plaintiff, to her responses to Interrogatories 16, 18, and 19.  Responses to Requests For Production of Documents 22 and 23 must also be supplemented.  Plaintiff shall not make reference to any other document or to the complaint, and shall provide full complete responses based on all of the information and documents she currently possesses.  Plaintiff shall also supplement her responses as she obtains new information or documents through discovery.

During the hearing, the court stated that "if, in fact, all [plaintiff has] are facts recited in the complaint...that [plaintiff]...[has] investigated and established, [plaintiff should] just say that in response to the interrogatory."  In response, plaintiff's counsel stated "we did judge," and when the court asked if plaintiff's answers to the discovery requests was "we don't know anything more than what's in the complaint," plaintiff's counsel affirmed.  Plaintiff's counsel also stated that plaintiff already referenced the defendant to the complaint and that he does not find it necessary to "repeat that document."  Upon a review of plaintiff's responses to Interrogatories 16, 18 and 19, plaintiff in fact does not reference the complaint or state that the answers are contained in the complaint.  Plaintiff objects to the interrogatories based on the assertion that the interrogatories are "related to the merits of [p]laintiff's claims," seek information "already in [d]efendant's possession, custody, or control," call for a legal conclusion, and seek the disclosure of attorney work product.  (#51-4).  Plaintiff also asserts in her answers that information pertaining to these interrogatories will be "provided along with [p]laintiff's anticipated [m]otion for [c]lass [c]ertification."  *Id.*   Plaintiff's counsel's statements to the court regarding plaintiff's responses to the discovery requests were not accurate.

Based on the court's ruling requiring the plaintiff to supplement Interrogatories 16, 18, and 19, and requests for production 22 and 23, defendant's counsel inquired during the hearing as to whether defendant could ask plaintiff questions during her deposition relating to her health.  The court finds that questions relating to plaintiff's health are proper during this stage of the discovery, particularly with regard to the issues of commonality, typicality, and plaintiff being an adequate class representative.

10

**Motion To Extend Discovery (#53)**

In plaintiff's motion to extend discovery, she asks this court to extend the time in which the parties must conduct depositions and to extend the deadlines that follow. (#53). Defendant admits that the deadlines will need to be modified, and asserts that once the court rules on the motions before it, the parties should be able to meet and establish an equitable schedule without the court's intervention. (#57). As the court recognizes the need to extend the discovery deadlines, during the hearing, the court established new discovery deadlines. Failure to abide by the deadlines set by the court will result in sanctions.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion To Compel Depositions (#50) is GRANTED as discussed above.

IT IS FURTHER ORDERED that defendant's Counter-Motion For Protective Order and To Compel (#52) is GRANTED in part and DENIED in part, as discussed above.  Plaintiff shall supplement her responses to Interrogatories 16, 18, and 19, and Requests For Production of Documents 22 and 23, in accordance with this order, by March 16, 2012.

IT IS FURTHER ORDERED that plaintiff's Motion To Extend Discovery Deadlines (#53) is GRANTED.

IT IS THEREFORE ORDERED that the following discovery deadlines apply:

April 27, 2012          Depositions of defendant's 30(b)(6) witnesses and of plaintiff must be completed;

May 11, 2012          Deadline for Plaintiff to file a Motion For Air Sampling;

May 25, 2012          Initial class expert report is due;

June 22, 2012          Rebuttal class expert report is due;

July 27, 2012          Close of class discovery;

. . .

11

August 24, 2012                Plaintiff's Motion For Class Certification is due.

DATED this 7th day of March, 2012.

_____

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**