UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KANE KASTROLL, etc., | 2:09-cv-2034-LDG-VCP |
| Plaintiff, | |
| v. | |
| WYNN RESORTS, LTD, | ORDER |
| Defendant. | |

This putative class action was originally filed pursuant to the Class Action Fairness Act ("CAFA") in this court, alleging that defendant Wynn Resorts, Ltd ("Wynn") failed to provide its employees a safe workplace environment because the levels of second hand smoke at Wynn Las Vegas Resort and Casino ("the Wynn") are dangerous and unhealthy. Plaintiff, Kane Kastroll, a full-time blackjack dealer at the Wynn, seeks to represent "[a]ll former, current, and future nonsmoking employees of the WYNN LAS VEGAS who were, are, or in the future will be exposed to unsafe levels of second-hand smoke." Kastroll has further indicated that her definition of future employees includes "any out-of-state job applicant for a casino position at the Wynn." Kastroll asks for injunctive relief only, and asserts one claim for common law failure to provide a safe workplace.

Wynn previously filed a motion to dismiss contending, among others, that CAFA's "home-state controversy" exception requires the court to decline to exercise jurisdiction over this action. The court denied the motion, holding that "later litigation stages more naturally facilitate a

determination of the proper scope of Kastroll's proposed class." (#24). The parties subsequently engaged in somewhat contentious discovery, but ultimately stipulated that "based upon the discovery and depositions that have occurred thus far, the parties agree that the Court should adjudicate the question of whether this Court lacks subject matter jurisdiction under the CAFA's 'home state controversy' exception and see no need to further delay the adjudication of this issue." (#64). Accordingly, Wynn has filed a summary judgment motion arguing that the "home-state" exception requires the court to decline to exercise subject matter jurisdiction.

Summary judgment is appropriate only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56c. In determining whether summary judgment is appropriate, the court views the facts in the light most favorable to the non-moving party and draws reasonable inferences in favor of that party. Scheuring v. Traylor Bros., Inc.,476 F.3d 781, 784 (9th Cir. 2007) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). To defeat summary judgment, the opposing parties must make a showing sufficient to establish a genuine dispute of a material fact regarding the existence of the essential elements of [the] case that [they] must prove at trial." Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007) (citation omitted). On a motion for summary judgment, it is not the province of a district court judge to weigh the evidence. Anderson, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether [she or] he is ruling on a motion for summary judgment or for a directed verdict.").

CAFA, 28 U.S.C. §1332(d)(2), amended the requirements for diversity jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant (minimal diversity), and the proposed plaintiff class members are at least 100. These features are part of the prerequisites for jurisdiction, rather than exceptions to jurisdiction.

See Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-21 (9th Cir. 2007).  CAFA also identifies situations in which the district court may decline to exercise jurisdiction, §1332(d)(3), and sets out two circumstances in which the court is required to decline jurisdiction, the §1332(d)(4) so-called "local controversy" and "home-state controversy" exceptions.  "Implicit in both subsections (d)(3) and (d)(4) is that the court has jurisdiction, but the court either may or must decline to exercise such jurisdiction."  Serrano, 478 F.3d at 1022.

Wynn's motion for summary judgment is based on the home-state controversy exception.  Under that exception, a district court shall decline to exercise jurisdiction under §1332(d)(2) over a class action in which:

1. two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action is originally filed; and

2. the primary defendants are citizens of the State in which the action was originally filed.

28 U.S.C. §1332(d)(4)(b).

The Ninth Circuit has held that the party objecting to CAFA jurisdiction must prove that a CAFA exception divests the district court of subject matter jurisdiction.  See Serrano, 478 F.3d at 1024.  The showing must be made by merely a preponderance of the evidence; that is, that it is more likely than not.  Moreover, in determining whether the home-state controversy exception has been satisfied, it is permissible for a court to apply common sense and reasonable inferences.  See Bey v. Solarworld Indus. America, Inc., 2012 WL 5817023 at 4 (D. Or. 2012); Romo v. Panda Rest. Group, Inc., 2012 WL 3930346 at 4 (C.D. Cal. 2012) (citing cases).  Finally, a party's residence is prima facie proof of that party's domicile, and once that domicile has been established, it presumptively continues unless rebutted with sufficient evidence of change.  Hollinger v. Home States Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir. 2011).

In support of its motion, Wynn presents evidence that it is the only defendant, that it is a Nevada corporation, and that its principal place of business is in Nevada; which Kastroll does not dispute. Wynn also points to employment records showing that of the current active employees at the Wynn, 11,562 reside in Nevada and 42 reside in another state; a 99.6% Nevada residency rate. This proportion overwhelmingly exceeds the two-thirds threshold necessary for mandatorily declining the exercise of jurisdiction under §1332(d)(4)(b).

Kastroll challenges the accuracy of Wynn's proof regarding its current employees. She points out that a number of current employees do not have addresses listed in its system, and that several of Wynn's employees who must commute daily to work have listed addresses in Louisiana and Florida. Kastroll also notes that current employees at Wynn would not necessarily have updated their addresses with management if they moved. The court, however, finds that Wynn's evidence clearly establishes by a preponderance of the evidence that its current employees are almost exclusively Nevada residents, with less than one-half of one percent residing in other states.

Kastroll's proposed class definition also enumerates former and future Wynn employees, however. Regarding former employees, Wynn submits evidence that 14,316 our of 15,686 total former employees (or 91%) are Nevada residents. Wynn also argues that former non-smoking Wynn employees cannot be plaintiffs in a case that seeks only prospective injunctive relief, because such relief, even if afforded, will not redress any alleged injury or harm. Indeed, former employees generally lack standing to seek injunctive relief because they would not stand to benefit from an injunction forcing a change of a defendant's policy. See Walsh v. Nev. Dept. of Human Res., 471 F.3d 1033, 1036-37 (9th Cir. 2006).

Kastroll challenges the general exclusion of former employees as class members by asserting that where evidence exists that a former employee has an interest in seeking return to work for a defendant, then the employee would stand to benefit from an injunction. Kastroll argues that six putative class members, former employees of Wynn, have by declaration expressed

4

their desire to return and work for the Wynn if the second-hand smoke conditions in the casino improved. On this account,, Kastroll urges the court to conclude that all former employees, or at the very least those former employees who are willing to return to the Wynn, have standing to seek injunctive relief.[1]

As an initial matter, the record does not indicate that any of the six former employees is in the process of applying to be re-hired by Wynn. At most, they have expressed only an interest in possible reinstatement at the Wynn. This alone is insufficient to establish that the former employees have shown "a very significant possibility of future harm," and therefore the requisite injury in fact to support standing. San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996) ( "some day" intentions indicating a "wish and intent to engage in activities" do not support the necessary actual or imminent injury required for standing).

Even if an interest in returning to work at the Wynn satisfied Article III standing requirements for former employees, Kastroll has provided insufficient grounds for the court to conclude that the six identified employees are reflective of at least 5000 former Wynn employees–the number necessary to approximate one-third of the total identified by Wynn through its business records. That deficiency also reduces the proportion of the putative class' total employees, current, former and future, that would be factored into the home-state controversy calculation. Furthermore, Kastroll's argument that the court should reject Wynn's evidence showing the residency of the former employees because a handful have not updated their addresses

---

[1] An imprecision exists between Kastroll's class definition of former employees who will be exposed to unsafe levels of second-hand smoke, and the six former employees she identifies as expressing their interest in returning to the Wynn to work. These former employees qualify their willingness to return on the improvement of the second-hand smoking conditions at the Wynn. The question, however, should not be how many former employees would return if the second-hand smoking conditions improved, but rather, what proportion of the former employees would be exposed to second-hand smoke on return, and thereby incidentally benefit from the injunction. In any event, because the declarants' condition for their return would only appear to narrow the range of former employees, rather than expand it, it has no impact on the court's conclusions.

with Wynn to show their out-of-state residency is unavailing. There is no reason to infer that further inaccurate Wynn residency records for former employees would number in the multiple thousands, increasing the percentage from below ten percent to at least one third (or more, if necessary to offset the high proportion of resident, current employees).

Kastroll identifies future employees as a category within the putative class. After a period of discovery, the parties stipulated that further discovery be stayed and that

> [T]he Court should adjudicate the question of whether this Court lacks subject matter jurisdiction under CAFA's "home state controversy" exception and see no need to further delay the adjudication of this issue. (#63)

While the parties' stipulation allowed for future discovery were the court to deny summary judgment based on the existence of genuine issues of material fact, the parties agreed to submit the matter based on the current record, and not on future intended class discovery. Moreover, in a comprehensive discovery order, the magistrate judge previously ruled that

> [W]ho is recruited and how the recruiting is done does not in any way relate to the issue of class certification or the home state controversy exception. Anyone recruited and ultimately employed at Wynn, regardless of their domicile at the time of recruitment, will most likely move to and become domiciled in Las Vegas. Therefore, the possible future employees' domicile at the time of recruitment would have no bearing on the applicability of the home state exception defense. Further, discovering recruiting efforts or methods will not lead to information that is relevant to class certification, as potential employees cannot become members of the class and it is impossible to predict who could possibly be hired in the future. (#46)

Kastroll did not seek reconsideration of this order by the magistrate judge or this court, which forecloses an argument that Wynn has failed to establish, based on its recruiting efforts, the residence status of future employees. Even if Wynn had that burden, however, the court, applying

6

common sense and reasonable inferences to the future-employees category of class members in this case, cannot ignore the documented residencies of current employees, and takes into account that of those 11, 604, less than one-half of one percent are non-Nevada residents. In the face of that near unanimity, Kastroll has not presented any premise upon which the court should conclude that the class of future employees would so significantly deviate from the non-resident proportion of current employees to not only itself amount to more than a third of the future employee class, but also offset the enormous majority of current or former employees which are or would be residents.[2]

Based on the above, the court finds that Wynn has shown by a preponderance of evidence that an overwhelming majority of Kastroll's putative class are, or would be, citizens of Nevada, requiring the court to decline to exercise subject matter jurisdiction.

THE COURT HEREBY ORDERS that defendant Wynn Resorts, LTD's motion for summary judgment (#65) is GRANTED without prejudice.

DATED this 6 day of February, 2013.

_____
Lloyd D. George
United States District Judge

---

[2]The uncertainty regarding the prospective status and circumstances of future employees also raises concerns about standing. See Strong v. Arkansas Blue Cross and Blue Shield Inc., 87 F.R.D. 496, 598 (D. Ark. 1980) (stating future applicants and employees of defendant have not yet suffered "injury in fact."). However, given the court's evidentiary findings, it need not address that issue.